UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THEODORE CLINTON WOOD, | |
|---|---|
| Plaintiff, | Case No. 1:11-cv-01846-RRB |
| vs. | |
| GOVERNOR JERRY BROWN, *ET AL*, | **ORDER REGARDING COMPLAINT** |
| Defendants. | |

Theodore Clinton Wood, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights Complaint under 28 U.S.C. § 1983. Wood's Complaint arises out of his incarceration at the Avenal State Prison.[1]

## I.  SCREENING REQUIREMENTS

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief

---

[1]  Wood is currently incarcerated at the California Substance Abuse Facility, Corcoran, California.

[2]  28 U.S.C. § 1915A(a).

ORDER RE COMPLAINT - 1
*Wood v. Brown*, 1:11-cv-01846-RRB

against a defendant who is immune from such relief."[3]  Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7]  Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it

---

[3]     28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules).

[5]     *See Booth v. Churner*, 532 U.S. 731, 734 (2001).

[6]     Fed. R. Civ. P. 8(a)(2).

[7]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[9] This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[10] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[12]

---

[8]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9]  *Iqbal*, 556 U.S. at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[10]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[11]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

[12]  *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

## II. GRAVAMEN OF ACTION

Wood alleges that, notwithstanding the knowledge that there was an outbreak of Valley Fever at Avenal State Prison, he was nonetheless transferred to Avenal State Prison. As a consequence Wood was exposed to and contracted Valley Fever. Wood has brought this action against Edmund G. ("Jerry") Brown, Jr., the Governor; Donald McElroy; Dr. Gill, .D., the Warden of Avenal State Prison; and unnamed employees of the California Department of Corrections and Rehabilitation ("CDCR").

## III. DISCUSSION

It is clearly established that prison officials have a duty under the Eighth Amendment to provide inmates with the necessities of life, including adequate shelter, food, clothing, sanitation, medical care, and personal safety.[14] In this case, there is no allegation that would support a claim that Wood was denied medical care for his condition; nor does it appear that Wood asserts such a claim. Instead, Wood's claim rests upon the ground that his transfer to Avenal State Prison in light of the known risk that he

---

[13]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

[14]   *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir. 1996); *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen.*, 642 F.2d 1129, 1132–1133 (9th Cir. 1981).

might contract Valley Fever constituted a deliberate disregard of his safety in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

Reading Wood's Complaint liberally, as this Court must,[15] Wood has alleged that he was knowingly placed in serious danger of, and did in fact, contract Valley Fever. If true, this is sufficient to survive the screening under § 1915A.[16] The problem is that, as presently constituted, this Court cannot determine which State official(s) was(were) responsible for Wood's transfer to Avenal State Prison. Thus, the Complaint as presently constituted is deficient (fails to state a cause of action) and must be dismissed. Dismissal, however, must be with leave to amend.

//

//

//

---

[15] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[16] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-57 (9th Cir. 2007) (holding that allegations that he was at risk of contracting HIV or Hepatis C was sufficient to survive dismissal under the "imminent danger" exception to the IFP three-strikes rule under 28 U.S.C. § 1915(g)). The Court notes that, in making this ruling, it is not rendering any opinion as to the viability of Wood's claim or that it will survive a properly brought motion for summary judgment. At this juncture the Court is merely accepting Wood's allegations as true and that, if proven, he is may be entitled to relief.

**IV. ORDER**

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Complaint on file herein is **DISMISSED** without prejudice;

2. On before **May 31, 2013,** Wood may file a First Amended Complaint consistent with Part III above, which specifically identifies the official(s) of the CDCR who were *directly* responsible for ordering Wood's transfer to the Avenal State Prison. Liability is limited to those officials who directly participated in the decision to transfer Woods. The Amended Complaint should not name any other Defendant and any improperly joined Defendant will be summarily dismissed.

**IT IS SO ORDERED** this 23rd day of April, 2013.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE