UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THEODORE CLINTON WOOD,

      Plaintiff,

vs.

F. ESQUIBAL, Correctional Officer II,

      Defendant.

Case No. 1:11-cv-01846-RRB

**ORDER STRIKING AMENDED COMPLAINT [DOCKET 27]**

At **Docket 27** Plaintiff has lodged a document entitled "Amended Complaint." The record in this case reveals that Wood filed a Complaint alleging that, notwithstanding the knowledge that there was an outbreak of Valley Fever at Avenal State Prison, he was nonetheless transferred to Avenal State Prison. As a consequence Wood was exposed to and contracted Valley Fever. Wood brought this action against Edmund G. ("Jerry") Brown, Jr., the Governor; Donald McElroy; Dr. Gill, M.D., the Warden of Avenal State Prison; and unnamed employees of the California Department of Corrections and Rehabilitation ("CDCR").[1] Wood's claim rested upon the ground that his transfer to Avenal State Prison, in light of the known risk that he might contract Valley Fever, constituted a deliberate disregard of his safety in violation of the Eighth Amendment prohibition against cruel and

---

[1]    Docket 1.

ORDER STRIKING AMENDED COMPLAINT [DOCKET 27]
*Wood v. Esquibal*, 1:11-cv-01846-RRB – 1

unusual punishment.  In screening Wood's Complaint, although it determined that he might have pleaded a viable Eighth Amendment claim, this Court found that it was unable to determine which official(s) was(were) responsible for transferring Wood to the Avenal State Prison and dismissed the Complaint with leave to amend.[2]

In compliance with that Order, Wood filed an Amended Complaint naming F. Esquibal as the official responsible for assigning him to the Avenal State Prison, requesting an award of damages in the amount of $100,000.[3] This Court ordered F. Esquibal to answer the Amended Complaint, dismissing all other Defendants.[4] Upon submission of the service documents by Wood, the Court ordered service on F. Esquibal.[5] Waiver of Service was executed and returned by F. Esquibal on December 12, 2013.[6] Although a responsive pleading was due by February 3, 2014, no answer or other responsive pleading has been filed.

By letter dated December 19, 2013, addressed to the Clerk, Wood stated that he incorrectly noted that the demand amount was "$0" and asked what he should do to correct

---

[2]     Docket 13.

[3]     Docket 14.  The Court notes that Wood did not append to his First Amended Complaint the numerous documents evidencing his attempts to exhaust his administrative remedies that were appended to his original Complaint. Because exhaustion is an affirmative defense that must be pleaded by the defendant, the court did not consider the effect of that omission.

[4]     Docket 15.

[5]     Docket 17.

[6]     Docket 24.

the amount to $100,000.[7]  No correction was necessary and no response was made to this letter.

On January 6, 2014, Wood then lodged the Amended Complaint in which he seeks to add as Defendants K. Sheriff, CCI, and M. Wellard, CSR. This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8]  This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[9]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Failure to state a claim under § 1915A incorporates the familiar standard

---

[7]        Docket 25.

[8]        28 U.S.C. § 1915A(a).

[9]        28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[10]        Fed. R. Civ. P. 8(a)(2).

[11]        *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[12]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[13] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[14] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16]

Wood has not only failed to obtain leave to file his second Amended Complaint,[17] but the proposed Amended Complaint does not comply with this Court's order granting him leave

---

[12]     *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[13]     *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[14]     *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[15]     *Id.*

[16]     *Id.* (quoting *Twombly*, 550 U.S. at 555).

[17]     There is no explanation as to why K. Sheriff, CCI, and M. Wellard, CSR, were not named as defendants in the First Amended Complaint.

to file his First Amended Complaint. Specifically, it is unclear which, if any, of the three defendants had the requisite authority to initiate Wood's transfer to the Avenal State Prison.

Accordingly, the Amended Complaint lodged at **Docket 27** is hereby **STRICKEN**, without prejudice. Plaintiff is granted until **March 31, 2014**, within which to file a proper motion seeking leave to file a Second Amended Complaint.

**IT IS SO ORDERED** this 20th day of February, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER STRIKING AMENDED COMPLAINT [DOCKET 27]
*Wood v. Esquibal*, 1:11-cv-01846-RRB – 5